# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DARRELL WAYNE COLEMAN                                                PLAINTIFF

v.                                      4:18cv00120-JM-JJV

STATE OF ARKANSAS                                                     DEFENDANT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

Darrell Wayne Coleman ("Plaintiff") is committed to the custody of the Arkansas State Hospital.  He filed this action *pro se* pursuant to 42 U.S.C. § 1983, alleging the State of Arkansas lacks sufficient housing to which Level 3 and 4 sex offenders may be released under supervision. (Doc. No. 2.)  After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.  SCREENING

An action in which the plaintiff is proceeding *in forma pauperis* may be dismissed "at any time" upon a determination that (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Pursuant to this provision, a federal court may *sua sponte* dismiss a claim that is "based on an indisputably meritless legal theory" or one that is "clearly baseless" as a matter of fact.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  The *in forma pauperis* statute has been applied to dismiss claims prior to service in prisoner and non-prisoner cases alike.  *See Zessin v. Neb. Health &*

*Human Servs.*, 8:07CV247, 2007 WL 2406967 (D. Neb. Aug. 20, 2007) (collecting cases in which the Eighth Circuit and other courts have affirmed dismissals under 28 U.S.C. § 1915(e)(2)(B) in non-prisoner cases).

## III.    ANALYSIS

Plaintiff describes himself as a Level 3 sex offender on "911 probation." (Doc. No. 2 at 1.) This is an apparent reference to Act 911 of 1989, codified at Arkansas Code Annotated sections 5-2-314 through -317, which requires that a criminal defendant who is acquitted due to a lack of criminal responsibility and who remains affected by mental disease or defect be committed to the custody of the Department of Human Services. Pursuant to Act 911, when the Director of the Department of Human Services or his or her designee determines that such a person has recovered from his or her mental disease or defect to such an extent that "his or her conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment" would not create substantial risk, the Director may file an application for conditional release with the circuit court that ordered the commitment. Ark. Code Ann. § 5-2-315(a)(1)(A). The circuit court may then order the person be conditionally released under a prescribed regimen of care that has been prepared for the person, certified as appropriate by the facility in which the person is committed, and found by the court to be appropriate. *Id*., § 5-2-315(c)(2)(A). The circuit court may also impose "[e]xplicit conditions of release" for a period of up to five years. *Id*., § 5-2-315(c)(2)(B).

Plaintiff alleges Level 3 and 4 sex offenders often have difficulty "finding 911 programs to accept them for housing" because "[t]here are not enough programs to go to." (Doc. No. 2 at 1.) He contends the State should not place Level 3 and 4 sex offenders on 911 probation due to this lack of housing because they are forced into longer stays at the Arkansas State Hospital. (*Id*. at 2.) For relief, Plaintiff seeks the following: (1) to be designated a Level 1 or 2 sex offender as

opposed to Level 3; (2) to complete his commitment in a Texas institution because he has no family in Arkansas; (3) to be "taken off the 911 probation soon"; (4) to "open up the doors" and allow him to be conditionally released; and (5) $250,500.00 in damages. (*Id.* at 2-3.)

The only named Defendant in this case is the State of Arkansas. The United States Supreme Court has held that a state is not a "person" that can be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Additionally, Plaintiff's claim for monetary damages is barred by sovereign immunity: "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Plaintiff's claims for injunctive relief against the State of Arkansas are similarly barred. Although state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment, "the same doctrine does not extend to states or state agencies." *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Even if Plaintiff had named and sought prospective injunctive relief from state officials sued in their official capacities, his claims would still not be viable. First, *Younger* abstention would be appropriate. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999). Abstention is warranted if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges. *Id.* The United States Court of Appeals for the Eighth Circuit has held that *Younger* abstention is compelled as to state judicial action involved in the commitment and release of criminal

defendants. *Coley v. Clinton*, 635 F.2d 1364, 1371 (8th Cir. 1980). Under Act 911, Plaintiff is under the "exclusive jurisdiction" of the circuit court that acquitted him by reason of mental disease or defect and committed him to the custody of the Department of Human Services. Ark. Code Ann. § 5-2-317(a). His allegations are the subject of an ongoing state judicial proceeding – namely, the proceedings under the Act 911 program. *See Jackson v. Safeco Nat'l Ins. Co.*, 4:09CV00257-BSM, 2009 WL 5066772, at 4 (E.D. Ark. Dec. 17, 2009). Those proceedings implicate important state interests, and an adequate opportunity exists in those proceedings for Plaintiff to raise constitutional challenges. *Id*.

Second, to the extent Plaintiff seeks to be "taken off the 911 probation soon" (Doc. No. 2 at 2), his claim is barred. "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). The *Preiser* rule, expanded in *Heck v. Humphrey*, 512 U.S. 477 (1994), to apply to claims for monetary damages, is operable in suits by criminal defendants challenging their commitment to a mental institution. *See, e.g.*, *Carter v. Bickhaus*, 142 Fed. App'x 937 (8th Cir. 2005) (unpublished per curiam); *Jackson*, 2009 WL 5066772, at 5. Because "[a] finding in [Plaintiff's] favor would necessarily imply the invalidity of [Plaintiff's] confinement at the Arkansas State Hospital," his claim for earlier release is barred. *See Jackson*, 2009 WL 5066772, at 6.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 5th day of March, 2018.

                                            JOE J. VOLPE
                                            UNITED STATES MAGISTRATE JUDGE